UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KRISTOF JANOS FABIAN,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>KING COUNTY,<br><br>　　　　　　　　　　Defendant. | Case No. C21-1556-RSM<br><br>ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(e) |

## I.　INTRODUCTION

*Pro Se* Plaintiff Kristof Janos Fabian has been granted leave to proceed *in forma pauperis* in this matter. Dkt. #8. The Complaint was filed on May 3, 2022 (Dkt. #9), a Sealed Amended Complaint was filed on April 6, 2023 (Dkt. #10), and a Redacted Amended Complaint was filed on April 17, 2023 (Dkt. #12) (hereinafter, the "Amended Complaint"). Summonses have not yet been issued. The Court has reviewed the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and finds that it should be dismissed.

## II.　BACKGROUND

Mr. Fabian has filed this action against Defendant King County. Mr. Fabian has a criminal case pending against him in King County Superior Court, *State of Washington v. Fabian*, King County Superior Court No. 19-1-06001-4 SEA (hereinafter, the "state criminal case"). Dkt.

ORDER - 1

#12 at 1. In the state criminal case, Mr. Fabian has been charged with RCW 9A.32.050(1)(B) murder in the second degree and RCW 9A.36.021(1)(A) assault in the second degree for the death of his then wife. *Id.* As a result of those charges, Mr. Fabian was detained and held in the King County Correctional Facility ("KCCF") from October 30, 2019, through August 13, 2020. *Id.* at 1–2. Mr. Fabian alleges that while detained he suffered a serious injury after falling off the top bunk (which he was purportedly ordered to occupy), resulting in "Fronto-Temporal Dementia, and neck vertebrae injuries resulting in nerve channel reduction, causing balance issues." *Id.* at 2. Mr. Fabian also alleges that his bail was set at $2,000,000. *Id.* at 3. He claims he had to cash his life savings to make bail resulting in significant tax liability. *Id.* at 2–3. A trial was held in the state criminal case in October 2022 that resulted in a hung jury. Mr. Fabian's next trial date is set for September 6, 2023, as of the date of this Order.

Mr. Fabian brings four claims against the County: (1) claim for violation of the Mission Statement of KCCF to treat inmates in a safe manner; (2) Sixth Amendment speedy trial claim for case pending over four years after hung jury; (3) Eighth Amendment excessive bail claim; and (4) Sixth Amendment speedy trial claim for denial of bail/bond reduction request. For the reasons explained below, Mr. Fabian's claims lie outside this Court's limited jurisdiction and therefore his case must be dismissed.

### III.   ANALYSIS

Once a complaint is filed *in forma pauperis*, the Court must dismiss it prior to service if it is "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see also Franklin v. Murphy*, 745 F.2d 1221, 1226-27 (9th Cir. 1984); *Yacoub v. U.S.*, 2007 WL 2745386 (W.D. Wash. 2007). This provision mandating dismissal applies to all *in forma*

ORDER - 2

*pauperis* actions, whether or not the Plaintiff is incarcerated. *See Lopez v. Smith*, 203 F.3d 1122, 1229 (9th Cir. 2000)(en banc). The Court holds *pro se* plaintiffs to less stringent pleading standards and liberally construes the complaint in the light most favorable to a *pro se* plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93 (2007)("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.")(internal quotation omitted).

Despite these liberal standards, Section 1915(e) requires the Court to dismiss an *in forma pauperis* complaint prior to service where relief cannot possibly be granted. *See, e.g.*, *Lopez*, 203 F.3d at 1127 (Section 1915(e) "not only permits but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."). The district court judge may also dismiss an action *sua sponte* and prior to issuance of summons where it finds that the court lacks subject matter jurisdiction over the action. *See* Fed. R. Civ. P. 12(h)(3); *Franklin v. State of Or., State Welfare Division*, 662 F.2d 1337, 1342 (9th Cir. 1981). When dismissing a complaint under Section 1915(e), the court gives *pro se* plaintiffs leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (affirming dismissal of frivolous complaint without leave to amend); *see Lopez*, 203 F.3d at 1124 (holding that district courts retain discretion to determine whether to grant leave to amend when dismissing complaint under 28 U.S.C. § 1915(e) for failure to state a claim).

Plaintiff's claim for his injuries must be dismissed for lack of subject matter jurisdiction and qualified immunity. At the outset the Court recognizes Mr. Fabian suffered serious documented injuries as a result of his fall. However, Mr. Fabian does not allege that the County violated any of his constitutional rights. He alleges that the County violated "the Mission

ORDER - 3

Statement of KCCF to treat in mates [sic] in a safe manner – excerpt from the Inmate Informational Handbook." Dkt. #12 at 2. This Court does not have jurisdiction over a Washington resident's claim against King County for violation of KCCF's internal policies. Federal courts are courts of limited jurisdiction, meaning that they can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (citation omitted), *rehearing denied*, 140 S. Ct. 17. The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (*e.g.*, residents of different states) and the amount in controversy exceeds $75,000 ("diversity question"). *See* 28 U.S.C. §§ 1331, 1332. As the parties here are not diverse and KCCF's internal policies do not present a federal question, Mr. Fabian's first claim lacks the necessary subject matter jurisdiction to be heard by this Court.

Since *pro se* complaints are to be liberally construed in the light most favorable to the plaintiff, the Court will also analyze Mr. Fabian's claim as if he had brought a Fourteenth Amendment claim. "Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause or, if not yet convicted, under the Fourteenth Amendment's Due Process Clause." *Castro v. Cty. of L.A.*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc). Under the Fourteenth Amendment, a pretrial detainee bringing a conditions of confinement claim must show that the conditions under which that detainee was confined "put the plaintiff at substantial risk of suffering serious harm." *Castro*, 833 F.3d at 1071.

However, a Fourteenth Amendment claim must still clear the hurdle of qualified immunity—Mr. Fabian's claim falls short here and therefore must be dismissed. State officials are entitled to qualified immunity unless he or she violated clearly established law of which a

ORDER - 4

reasonable person should have known. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 2732 (1982). Qualified immunity is a judicially-crafted protection for public officials who must exercise judgment in their official duties. "It is an 'immunity from suit rather than a mere defense to liability.'" *Saucier v. Katz,* 533 U.S. 194, 200-01 (2001)(*citation omitted* ). "The district court must determine whether, in light of clearly established principles governing the conduct in question, the officer objectively could have believed that his conduct was lawful." *Act Up.!/Portland v.Bagley,* 988 F.2d 868, 871 (9th Cir.1993). Here, the Court finds that no reasonable jail officer would have understood that assigning Mr. Fabian, even though he was 65 years old at the time, to the top bunk of a bunk bed would amount to a constitutional violation. *Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Mr. Fabian does not allege that he had any pre-existing conditions before being assigned the top bunk or that he relayed any such conditions to KCCF or its officials. Mr. Fabian also makes no allegations about King County's treatment with regards to his injury after he fell.

Plaintiff's Sixth Amendment speedy trial claims and Eighth Amendment excessive bail claims must also be dismissed because the Court does not find special circumstances warranting federal intervention before trial. Because Mr. Fabian is awaiting adjudication of his pending criminal charges in King County Superior Court, his claim that his speedy trial rights and rights against excessive bail have been violated would necessarily require this Court to become involved in his ongoing state court criminal proceedings. Generally, the federal courts will not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. *See Younger v. Harris*, 401 U.S. 37 (1971). "[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has

ORDER - 5

been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam); *see also Carden v. Montana*, 626 F.2d 82, 83-84 (9th Cir. 1980). Although the Court is sensitive to the fact that Mr. Fabian has been awaiting a final decision in his state criminal case for over four years, the Court does not find any extraordinary circumstances which would appear to justify this Court's intervention in his ongoing state criminal proceedings especially given that a trial was held but resulted in a hung jury and that a new trial date is imminent.

The Court finds that Mr. Fabian fails to state a claim upon which relief can be granted and that the deficiencies in Mr. Fabian's complaint cannot be cured by amendment.

## IV.   CONCLUSION

Accordingly, for the reasons stated herein, the Court hereby ORDERS that Plaintiff's Amended Complaint is DISMISSED in its entirety pursuant to 28 U.S.C. § 1915(e) prior to issuance of summons.

DATED this 28th day of April, 2023.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 6